**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

IN RE: REDSTONE ARSENAL,
GROUP C,[1]

Appellant,

v.

DEPARTMENT OF THE ARMY,

Agency.

DOCKET NUMBER
AT-0752-14-0562-I-1

DATE: March 12, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Vicki L. Fuller, Redstone Arsenal, Alabama, for the appellants.

Kyle C. Barrentine, and Toby V. Davis, Esquire, Redstone Arsenal, Alabama, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The union representative for the appellants has filed a petition for review of the initial decision, which affirmed the agency furlough actions. Generally, we

---

[1] The appellants that are included in this consolidation are set forth in Appendix A of this order.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to discuss the appellants' assertion, made below, that the agency used overtime payments to relieve certain employees but not others of the financial consequences of the furlough, but we conclude that this argument does not warrant a different outcome. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The aforementioned appellants appealed the agency's decision to furlough them for 6 nonconsecutive days between July 8, 2013, and September 21, 2013, and the appeals were consolidated. Initial Appeal File (IAF), Tabs 1, 28. A hearing was held. *See* Hearing Compact Diskette (CD). The administrative judge issued an initial decision in which she affirmed the agency furlough actions. IAF, Tab 28, Initial Decision (ID). In pertinent part, the administrative judge found

---

[3] Our determination only applies to the appellants identified in Appendix A and not to the other appellants who were previously part of the consolidation in this case. *See Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 1 n.2 (2014).

that the agency established that there was cause for the furlough under 5 U.S.C. § 7513(a) and that the furlough actions promoted the efficiency of the service. ID at 3-6. Regarding appellant Federico, the administrative judge further found that he failed to establish that the furloughs were not in accordance with law or that the agency violated his right to due process. ID at 6-8.

¶3        The union representative for the aforementioned appellants filed a petition for review, which the agency opposes. Petition for Review (PFR) File, Tabs 1, 4. On review, the appellants argue that the agency used overtime payments to relieve certain employees but not others of the financial consequences of the furlough. PFR File, Tab 1 at 4. Additionally, appellant Federico asserts that the agency violated the Administrative Procedures Act (APA) by failing to publish its furlough rule as a notice of proposed rulemaking in the Federal Register. *Id*.[4]

¶4        The appellants, in their closing brief, raised the issue of the agency's allegedly improper use of overtime payments. *See* IAF, Tab 27 at 5. Other than a reference to appellant Federico's discovery responses from the agency, which indicated that the agency paid overtime to some employees during the furlough period, the administrative judge did not specifically analyze this argument in the initial decision. *See* ID at 4 (citing *Federico v. Department of the Army*, MSPB Docket No. AT-0752-13-3470-I-1, Initial Appeal File, Tab 4). We therefore address this argument on review, but we conclude that a different outcome is not warranted.

¶5        Under 5 U.S.C. §§ 7512(5) and 7513(a), an agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service." An agency's decision to award certain employees overtime may be relevant to whether the agency applied the furlough uniformly and

---

[4] Because the appellants do not appear to challenge the administrative judge's determination that the agency established that there was cause for the furlough and appellant Federico does not challenge the administrative judge's conclusion that he failed to establish that the agency violated his due process rights, we AFFIRM the initial decision as to those points.

consistently. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 14 (2013). If an agency uses overtime payments to relieve certain employees but not others of the financial consequences of the furlough, this may be sufficient to show that the furlough did not meet the efficiency of the service standard. *Id.* The Board has held, however, that an agency's decision to adopt a policy under which it permits the use of overtime to meet mission-critical needs is a spending matter within the agency's sound discretion. *Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 13 (2014).

¶6        We have considered the evidence in the record related to the agency's use of overtime. In addition to the agency's discovery responses, the deciding official testified that he "believe[d]" that some of the individuals who were not furloughed received overtime, but he indicated that he had to check his records to confirm this fact. *See* Hearing CD.[5] The record reflects that the agency had a policy of allowing overtime only in limited situations: (1) to protect the health, safety, and security of personnel or property; (2) to ensure the direct and timely provision of services and material to deployed units or to units that are preparing to deploy; or (3) to perform similar mission critical functions that will fail in the absence of overtime. *See* IAF, Tab 25 at 1-3 (May 22, 2013 Memorandum). Consistent with *Kelly*, 121 M.S.P.R. 408, ¶ 13, we find that this policy is within the agency's sound discretion. In the absence of any evidence that overtime was being awarded in a manner that was inconsistent with the agency's stated policy or in a way that was not uniform and consistent, we AFFIRM the administrative judge's finding that the furloughs promoted the efficiency of the service. *See* ID at 3-6.

¶7        The administrative judge addressed and rejected appellant Federico's APA argument in the initial decision. *See* ID at 6-7. In pertinent part, she explained

---

[5] The appellants' contention on review that the deciding official testified that he was "sure" that overtime was paid to the employees who were working and not on furlough, *see* PFR File, Tab 1 at 4, is not supported by the testimonial record.

that, even if an agency decision to furlough its employees could be considered rulemaking, 5 U.S.C. § 553(a)(2) specifically exempted matters "relating to agency management or personnel" from the rulemaking requirements of the APA, and appellant Federico failed to cite any case law to support his assertion.  *See* ID at 6-7.  Appellant Federico has not cited any authority on review to support his contention that the administrative judge erred in her analysis of this issue.  We therefore AFFIRM the administrative judge's conclusion that the agency's decision to furlough employees was exempted from the rulemaking requirements of the APA.  *See, e.g.*, *Favreau v. United States*, 317 F.3d 1346, 1359 (Fed. Cir. 2002) (holding that memoranda detailing when the United States could seek recoupment of prepaid bonuses from armed forces personnel were subject to the agency management or personnel exception); *Hamlet v. United States*, 63 F.3d 1097, 1105 (Fed. Cir. 1995) (concluding that the Agricultural Stabilization and Conservation Service personnel management handbook, which sets forth the instructions and procedures concerning the selection, hiring, pay, benefits, responsibilities, and removal of county and community committee members and employees, "relates to matters of agency personnel," and its promulgation was exempt from the APA's strict procedural requirements).

## NOTICE TO THE APPELLANTS REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.

APPENDIX A

In re: Redstone Arsenal, Group C

AT-0752-14-0562-I-1

| | |
|---|---|
| Charles E. Malone | AT-0752-13-4558-I-1 |
| Cheryl Lynn Hickman | AT-0752-13-1802-I-1 |
| Demetrices A. Williams-McKinstry | AT-0752-13-1596-I-1 |
| Diane Bables | AT-0752-13-1797-I-1 |
| Gloria J. Scott | AT-0752-13-1813-I-1 |
| Jae Ann Steele | AT-0752-13-7189-I-1 |
| Janice L. Fletcher | AT-0752-13-0769-I-1 |
| John F. Moore | AT-0752-13-0819-I-1 |
| Meredith Y. Wilcox | AT-0752-13-7358-I-1 |
| Nathan D. Martin | AT-0752-13-1798-I-1 |
| Ollie M. Green | AT-0752-13-3986-I-1 |
| Pamela Jean Gaines | AT-0752-13-3541-I-1 |
| Robert A. Federico | AT-0752-13-3470-I-1 |
| V. L. Shephard | AT-0752-13-3484-I-1 |
| Wendy Ann Woods | AT-0752-13-1794-I-1 |